IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAVAUGHNTAIYE WILLIS                                                    PETITIONER
ADC # 153992

      V.                              Case No. 5:16-CV-05101-PKH-MEF

WENDY KELLEY, Director,
Arkansas Department of Correction                                      RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a

Person in State Custody filed on May 12, 2016 by Petitioner, Javaughntaiye Willis ("Willis"). (Doc.

1)  A response was filed by Respondent on July 11, 2016.  (Doc. 12)  No Reply has been filed by

Petitioner.  The matter is ready for Report and Recommendation.

### I.  Background

On January 21, 2014, a Felony Information was filed against Willis in the Circuit Court of

Washington County, Arkansas, alleging that Willis had committed the offenses of Rape (A.C.A. §

5-14-103(a)(1)); Sexual Assault in the Second Degree (A.C.A. § 5-14-125); Battery in the Second

Degree (A.C.A. § 5-13-202(a)(2)); and, Terroristic Threatening (A.C.A. § 5-13-301(a)(1)(A)).  (Doc.

13-1, pp. 4-5)  Arraignment proceedings were conducted on January 22, 2014, and Willis pleaded

not guilty to the charges brought against him.  (Doc. 13-1, p. 14)

On October 28, 2014, an Amended Felony Information was filed charging Willis with two

counts of Rape (A.C.A. § 5-14-103(a)(1)); Sexual Assault in the Second Degree (A.C.A. § 5-14-

125); Battery in the Second Degree (A.C.A. § 5-13-202(a)(2)); and, Terroristic Threatening (A.C.A.

§ 5-13-301(a)(1)(A)).  (Doc. 13-1, pp. 90-91)  A Second Amended Felony Information was filed on

November 3, 2014, charging Willis with two counts of Accomplice to Rape (A.C.A. §§ 5-2-403 and 5-14-103(a)(1)); Accomplice to Sexual Assault in the Second Degree (A.C.A. §§ 5-2-402 and 5-14-125); Accomplice to Battery in the Second Degree (A.C.A. §§ 5-2-403 and 5-13-202(a)(2)); Accomplice to Terroristic Threatening (A.C.A. §§ 5-2-403 and 5-13-301(a)(1)(A)); and, two counts of being an Habitual Offender (A.C.A. §§ 5-4-501(a)(1) and 5-4-501(a)(b)(c)(1)(A)).  (Doc. 13-1, pp. 93-96)

A jury trial was held on November 4 - 5, 2014.  (Doc. 13-1, p. 130)  At the conclusion of the trial, the jury returned its verdicts finding Willis guilty of two counts of Accomplice to Rape (Doc. 13-1, pp. 97-98), guilty of Accomplice to Sexual Assault in the Second Degree (Doc. 13-1, p. 99), guilty of Accomplice to Battery in the Second Degree (Doc. 13-1, p. 100), and guilty of Accomplice to Terroristic Threatening (Doc. 13-1, p. 101).   Sentencing verdicts recommended 60 years imprisonment on each of the two Accomplice to Rape counts (Doc. 13-1, pp. 102-103), 30 years imprisonment on the Accomplice to Sexual Assault in the Second Degree count (Doc. 13-1, p. 104), 12 years imprisonment on the Accomplice to Battery in the Second Degree count (Doc. 13-1, p. 105), and 6 years imprisonment on the Accomplice to Terroristic Threatening count (Doc. 13-1, p. 106). The trial court imposed the recommended sentences, and commenting that Willis' conduct involved "torture of a victim who was clearly challenged" and that these "horrible crimes" were "vile, morally debased, foul, repulsive, degrading, humiliating," the trial court imposed the 60 year sentences for the two accomplice to rape counts to run consecutively.  (Doc. 13-2, p. 499)  The Sentencing Order was entered on November 6, 2014.  (Doc. 12-2; Doc. 13-1, pp. 107-110)

Willis appealed his conviction to the Arkansas Court of Appeals.  In his appeal, Willis challenged the sufficiency of the evidence with regard to count two of the Second Amended Felony

Information charging him with Accomplice to Rape by forcing the victim to physically penetrate his own body with a foreign object.  (Doc. 12-4, pp. 5-6, 7, 8, 19-24)  Willis' conviction was affirmed in an opinion delivered on September 23, 2015.  *Willis v. State*, 2015 Ark. App. 501.  (Doc. 12-3)  In its opinion, the Arkansas Court of Appeals declined to consider Willis' sufficiency of the evidence argument because it had not been properly preserved for appellate review as his counsel's general motion for a directed verdict "failed to state with specificity the deficiency in the State's evidence, in contravention of the requirements of Rule 33.1."  (Doc. 12-3, pp. 2-3)

Willis did not file a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure in the trial court.  (Doc. 1, p. 2)  The State of Arkansas agrees that there are no non-futile state remedies remaining for Willis to pursue.  (Doc. 12, p. 2)

Willis then filed the instant Petition under § 2254 on May 12, 2016[1].  (Doc. 1)  Willis alleges four grounds for relief, which can be summarized as follows: (1) ineffective assistance of counsel for failure to move for a directed verdict of acquittal as to count one of the Second Amended Felony Information (Doc. 1, pp. 4-8); (2) ineffective assistance of counsel for failure to move for a directed verdict of acquittal as to count two of the Second Amended Felony Information (Doc. 1, pp. 9-18); (3) ineffective assistance of counsel for failing to object to the jury instructions given by the trial court "directing the verdict for the State in cases (of a) felony" (Doc. 1, pp. 19-21); and, (4) ineffective assistance of counsel for failing to object to the State filing a Second Amended Felony Information and failing to move for its dismissal (Doc. 1, pp. 22-31).

---

[1] The Petition was received by the U. S. District Court Clerk and officially filed on May 12, 2016.  Willis signed the Petition and placed it in the prison mail system on May 4, 2016. It is not legally significant in this action whether the Petition was filed on May 12, 2016, or on May 4, 2016 pursuant to the *prison mailbox rule*.

Regarding failure to exhaust his available state remedies, Willis argues that the "[t]rial court failed to inform [him] of State right to post trial motion for new trial process," citing A.C.A. § 16-89-130 and A. R. Cr. P. 33.3.  (Doc. 1, pp. 4, 9, 19, 22, 32-34)

## II.  Discussion

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court shall be entertained only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Before seeking federal habeas review, a state prisoner must exhaust available state remedies, giving the state the opportunity to correct alleged violations of prisoners' federal rights, "which means he must 'fairly present' his claim in each appropriate state court to alert that court to the claim's federal nature." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004); *see* 28 U.S.C. §§ 2254(b) and (c) (requiring state prisoner seeking federal habeas relief to exhaust all remedies available in the state courts).  When a habeas petitioner fails to raise his federal claims in state court, he deprives the state of "an opportunity to address those claims in the first instance" and frustrates the state's ability to honor his constitutional rights.  *Cone v. Bell*, 556 U.S. 449, 465, 129 S.Ct. 1769, 173 L.Ed.2d 701 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Therefore, when a habeas petitioner defaults his federal claims by failing to raise them in state court in compliance with the relevant state procedural rules, federal habeas review is barred unless the petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or alternatively, demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice.  *Id*.; *Coleman v. Thompson*, 501 U.S. at 750.

A thorough review of Willis' petition and the record in this case conclusively shows that

Willis has inexcusably procedurally defaulted his ineffective assistance of counsel claims, and the undersigned recommends the denial and dismissal of his petition in its entirety with prejudice without an evidentiary hearing.

## A.  Timeliness

A one year period of limitation applies to petitions brought under 28 U.S.C. § 2254.  This period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such governmental action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

In the present case, the Petitioner's direct appeal was decided by the Arkansas Court of Appeals on September 23, 2015.  (Doc. 12-3)  The instant petition was filed on May 12, 2016, well within the one-year limitations period.

## B.  Procedural Default

For ineffective assistance of counsel claims, the required procedure in Arkansas is set forth in Rule 37 of the Arkansas Rules of Criminal Procedure.  *See Carrier v. State*, 278 Ark. 542, 543, 647 S.W.2d 449, 450 (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a petition for post-conviction relief under Ark. R. Cr. P. Rule 37.").  Willis had 60

days from the date of the decision of the Arkansas Court of Appeals to bring his ineffective assistance of counsel claims under Rule 37.  *See* Ark. R. Cr. P. 37.2(c).  Willis never filed a petition for post-conviction relief in state court pursuant to Rule 37, and the time for doing so has expired. As a result, his claims are procedurally defaulted, and federal habeas review is barred unless Willis can establish cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750.  The Court may also consider procedurally defaulted claims if the petitioner shows a "colorable claim of factual innocence."  *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).

Cause requires a showing of some impediment, external to the petitioner's defense and not fairly attributable to him, preventing him from constructing or raising his claims in state court or complying with the state's procedural rules.  *Coleman*, 501 U.S. at 753.  If no cause has been shown, the prejudice element need not be addressed.  *McCleskey v. Zant*, 499 U.S. 467, 502, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

The only reason that Willis has asserted as cause for his default is that the state circuit court did not inform him of his right to pursue post-conviction relief.  (Doc. 1, pp. 4, 9, 19, 22, 32, 33-34) Willis cites A.C.A. § 16-89-130 and Ark. R. Cr. P. 33.3 in support of his position, but his reliance upon these authorities is misplaced.  Neither requires a circuit court to advise a convicted defendant of the right to pursue post-conviction relief.  A.C.A. § 16-89-130 concerns applications for a new trial, and it describes the circumstances under which a new trial may be granted; it does not require a trial judge to notify a convicted defendant of his rights under the statute.  Similarly, Ark. R. Cr. P. 33.3, concerning post-trial motions, does not require a trial judge to notify a convicted defendant of

his rights to pursue post-trial motions.  Contrary to Willis' assertion, a trial judge is only required to advise a defendant, at the time sentence is pronounced and judgment entered, of the defendant's right to appeal and the period of time prescribed for perfecting the appeal.  *See* Ark. R. Cr. P. 33.2. The trial judge did this, advising Willis, "you have a right to appeal," "[a] notice of appeal must be filed within 30 days of the entry of the judgment, or the sentencing order, which I'm convinced will be entered no later than tomorrow."  (Doc. 13-2, pp. 499-500)

In effect, Willis claims ignorance of his right to pursue post-conviction relief under Rule 37. The law is clear that a petitioner's pro se status, limited education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently *external* to constitute cause overcoming a procedural default.  *See Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Stanley v. Lockhart,* 941 F.2d 707, 710 (8th Cir. 1991); *McKinnon v. Lockhart,* 921 F.2d 830, 832 n. 5 (8th Cir. 1990); *Vasquez v. Lockhart,* 867 F.2d 1056, 1058 (8th Cir. 1988); and, *Smittie v. Lockhart,* 843 F.2d 295, 298 (8th Cir. 1988).  In *Morris v. Norris*, 83 F.3d 268 (8th Cir. 1996), the Eighth Circuit specifically rejected a habeas petitioner's similar argument that there was cause for his procedural default because his trial/appellate counsel failed to advise him of Arkansas' Rule 37 post-conviction remedy and its restrictive time limits.

Thus, Willis cannot demonstrate cause from the trial judge's failure to inform him about Arkansas' post-conviction remedies.  At the time of his conviction, the law was unambiguous, firmly established, and regularly applied regarding the availability of Rule 37 and its time limitations, and Willis was expected to comply with the applicable law in order to preserve his claims for federal habeas review.

The Supreme Court recently concluded that cause may be established through post-conviction

counsel.  *See Maples v. Thomas*, 565 U.S. 266, 132 S.Ct. 912, 181 L.Ed.2d 807 (2012) and *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).  The unusual circumstances of the first case – abandonment of a petitioner by his post-conviction counsel, without notice to the petitioner, and resulting in the petitioner's failure to file a timely appeal in the post-conviction proceeding – constituted cause for that failure.  *Maples*, 565 U.S. at 289.  In the second case, the Supreme Court fashioned a narrow exception to *Coleman, supra*, concluding that "[i]nadequate assistance of counsel [or the absence of counsel] at initial-review collateral proceedings ... establish[es] cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  *Martinez*, 566 U.S. at 9.

These Supreme Court decisions do not support a finding of cause here because Willis did not file an initial post-conviction proceeding as required by Rule 37 and, therefore, there is no conduct of counsel, or an absence of counsel, in such a proceeding to consider as a cause.  *See Trust v. Larkin*, No. 4:09-CV-1101, 2012 WL 4479088, at *8 (E.D. Mo. July 20, 2012), report and recommendation adopted by, 2012 WL 4480719 (E.D. Mo. Sept. 28, 2012); *Anderson v. Koster*, No. 11-1227-CV-W-GAF-P, 2012 WL 1898781, at *9 (W.D. Mo. May 23, 2012) ("*Martinez* is inapposite because, here, petitioner himself is at fault for not filing a pro se [post-conviction] motion in the first place"); *Bland v. Hobbs*, No. 5:11-CV-286, 2012 WL 2389904, at *3 n. 5 (E.D. Ark. June 12, 2012) (failure to file a state post-conviction petition prevents application of the *Martinez* exception), report and recommendation adopted by, 2012 WL 2874118 (E.D. Ark. July 13, 2012); *Castillo v. Ryan*, 2013 WL 3282547, at *5 (D. Ariz. June 28, 2013) (having never filed an "of right" post-conviction proceeding, petitioner never had an "of right" post-conviction attorney, and "now there is no one to shoulder the blame for his default"); *Cook v. Smith*, No. 1:12-CV-00281-BLW, 2013 WL 2458531, at *6-7 (D. Idaho June 6, 2013) (choosing to forego filing a post-conviction

relief petition does not fall within the narrow exception established in *Martinez*); *Lutz v. Valeska*, No. 1:10CV950-TMH, 2014 WL 868870, at *5 (M.D. Ala. March 5, 2014) (petitioner's case "is not controlled by *Martinez* and *Trevino* because [he] *never* filed or sought to file a postconviction action in state court") (emphasis in original); and, *Jones v. Penn. Bd. of Probation and Parole*, 492 Fed. Appx. 242, 246 (3rd Cir. 2012) (unpublished), *cert. denied*, 133 S.Ct. 1316 (Feb. 19, 2013) (procedural default cannot be excused where petitioner failed to initiate any state collateral proceeding at all).

As the court noted in *Jones*, "[t]he Supreme Court was adamant that its holding in *Martinez* created a 'limited' and 'narrow' exception to the rule established in *Coleman*," and "[w]ere it otherwise, the *Martinez* rule could potentially apply to any defendant who failed to petition for state collateral review." *Jones*, 492 Fed. Appx. at 246-47.

Because no cause has been established for Willis' procedural default, it is unnecessary to consider whether he has demonstrated prejudice. *Abdullah v. Groose*, 75 F.3d 408, 413 (8th Cir. 1996) (en banc); *McCleskey, supra*.

Willis has not demonstrated adequate cause for his failure to raise his ineffective assistance of counsel claims in a timely Rule 37 proceeding in state court. Nor has Willis alleged or shown actual innocence to support a fundamental miscarriage of justice argument. Accordingly, Willis' ineffective assistance of counsel claims are inexcusably procedurally defaulted, and this Court is barred from considering them.

### III.  Conclusion

For the reasons and upon the authorities discussed above, Willis' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) should be **DISMISSED**

with **PREJUDICE**.  Furthermore, a certificate of appealability should be denied, as Willis has not

made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)(A)-(2);

Rule 11, Rules Governing § 2254 Cases in the United States District Courts.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of February, 2017.

/s/ *Mark E. Ford*

HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE